## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA**,

       **Plaintiff,**

**v.**

                                **MEMORANDUM OF LAW**
                                      **AND ORDER**
                              **Criminal File No. 99-0033 (MJD)**

**SYLVAN ANTHONY PINQUE,**

       **Defendant.**

---

David P. Steinkamp, Assistant United States Attorney, Counsel for Plaintiff.

Sylvan Anthony Pinque, pro se.

---

## I.    INTRODUCTION

The above-entitled matter comes before the Court on Mr. Pinque's Motion Pursuant to Rule 41(e) Federal Rules of Criminal Procedure for Return of Property. [Doc. No. 104.] The Court notes that such motions were formally authorized under Rule 41(e), but are now authorized under Rule 41(g). See 3A Charles Alan Wright, et al., Federal Practice and Procedure § 673 (3d ed. 2004). Therefore, the Court will interpret Mr. Pinque's motion as one brought under Rule 41(g).

1

## II.   BACKGROUND

On October 1, 1998, as part of a criminal investigation, several items of Mr. Pique's personal property were seized by the Minnesota Gang Strike Force ("Strike Force").  (Steinkamp Decl. ¶ 3.)  On October 1, 1998, Mr. Pinque was personally served with Administrative Forfeiture Notices regarding the seized items, including the Citizen quartz gold watch, six gold-colored rings, one gold-colored bracelet, one gold-colored necklace with a bull's head ornament, and $342.74 that are the subject of this motion.  (Id. ¶ 4; Gov. Ex. A at 4-5.)[1]  Despite being warned that failure to make a claim would result in forfeiture, Mr. Pinque failed to make a claim for this property as required by Minnesota law, and the property was administratively forfeited on January 6, 1999.  (Steinkamp Decl. ¶ 5; Gov. Ex. B.)

On April 28, 1999, Mr. Pinque was found guilty by a jury of aiding and abetting distribution and conspiracy to distribute crack cocaine.  Mr. Pinque was sentenced by this Court to 121 months in prison on December 17, 1999.  Mr. Pinque is currently housed at FCI in Sandstone, MN.

On May 8, 2003, Mr. Pinque wrote Assistant United States Attorney Steinkamp a letter seeking return of the following items:

> 1 Jamaican passport
> 1 Jamaican drivers license

---

[1]On or about this date, administrative forfeiture notices were also issued for two vehicles and a motorcycle which are not the subject of this motion.

> 1 Gold chain with matching bracelet
> 1 Gold pendant (Bull head charm)
> 1 Seiko gold watch
> 4 or 5 gold rings, including [a] wedding band [and]
> Various other personal items held as evidence.

(Def. Mem. Supp. Mot. Return Property at 2; Attach. A.)

On August 11, 2003, Attorney Steinkamp sent Mr. Pinque a letter advising him that the property he sought was not in the possession of the United States government, and advised Mr. Pinque that he had forwarded Mr. Pique's letter to Sgt. Kevin Moore of the Strike Force.  (Gov. Ex. C.)  Mr. Pinque contacted Sgt. Moore on September 20, 2003 seeking return of his property, but received no response.  (Def. Attach. C.)

At some point, Mr. Steinkamp was advised by Sgt. Moore that the property Mr. Pinque sought was forfeited or destroyed and therefore Mr. Steinkamp believed the matter was resolved.  (Steinkamp Decl. ¶ 9.)

On November 5, 2003, Mr. Pinque filed the instant motion.  For unknown reasons, the Government apparently did not receive a copy of the motion until March of this year, in spite of the fact that Mr. Pinque's affidavit of service states that the motion was served upon Mr. Steinkamp on November 5, 2003.  (Id. ¶ 11.) The Court provided Mr. Steinkamp with a copy of the motion on March 28, 2006. (Id.)

On April 5, 2006, Mr. Steinkamp received information from the Strike Force that Mr. Pique's jewelry and cash had been administratively forfeited on January 6, 1999 because Mr. Pique failed to object to the seizure of the property.  (Id. ¶ 12; Gov. Ex. A, B.)  Sgt. Moore also informed Mr. Steinkamp that Mr. Pique's Jamaican passport, Jamaican drivers license and miscellaneous other property had been mistakenly destroyed on May 21, 2004 without any notification to Mr. Pique or Mr. Steinkamp.  (Steinkamp Decl. ¶ 13.)

## III.   DISCUSSION

Mr. Pinque seeks the return of all seized property that was not subject to forfeiture or, in the alternative, compensation for any lost or destroyed property. The Government takes the position that since the non-forfeited property no longer exists, the motion should be dismissed.

### A.   <u>Jurisdiction</u>

"Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." <u>Thompson v. Covington</u>, 47 F.3d 974, 975 (8th Cir.1995) (citation omitted).  Mr. Pinque was tried, convicted, and sentenced in this Court.  Therefore, the Court has jurisdiction over this matter.

At the outset, the Court notes that contrary to the Government's position, the fact that the property is no longer available does not render this motion moot. See id. (holding that prisoner's motion was not mooted because the Government could not find prisoner's property).  Accordingly, the motion need not be denied on this basis.

**B.      Appropriateness of Motion**

Rule 41(g) is normally used to recover property seized by federal officials, but can also be used to force the return of items seized by state officials if the items are actually or constructively possessed by the Federal Government.  United States v. Story, 170 F. Supp. 2d 863, 866 (D. Minn. 2001) (addressing the issue under Rule 41(e)).  The items at issue in this motion were seized by the Strike Force, an organization comprised of members of both local and county law enforcement.

The Court finds that the Federal Government has constructive possession over the items seized by the Strike Force because they were seized as part of an investigation that resulted in federal prosecution.  Id. at 866-67 (citation omitted). Thus, the motion need not be denied on this basis.

**C.      Items Administratively Forfeited**

"A petitioner cannot use Rule 41[g] to obtain property that has been forfeited in a state judicial proceeding."  Id. at 866 (citing Clymore v. United

States, 164 F.3d 569, 571 (10th Cir. 1999)).  Mr. Pinque was given the

opportunity to contest the forfeiture of his jewelry and cash; failed to contest the

forfeiture; waived his right to a judicial proceeding on the matter; and therefore

waived any claim he had to these items.  In short, Mr. Pinque's inaction after

receiving notice his resulted in an administrative forfeiture of these items.

(Steinkamp Decl. ¶ 12; Gov. Ex. A.)  Therefore, the motion is denied insofar as it

seeks the return of Mr. Pique's jewelry and cash.

### D.   **Sovereign Immunity**

Since the remaining property no longer exists, the only relief the Court

could award in this case is a monetary award to compensate Mr. Pinque for his

losses.  Such relief is not available under Rule 41(g) since that rule does not

contain the unequivocal waiver of sovereign immunity required to authorize an

award of monetary relief against the Government.  See United States v. Hall, 269

F.3d 940, 943 (8th Cir. 2001) (citation omitted).  Therefore, the motion is also

denied insofar as it seeks compensation for Mr. Pinque's Jamaican passport,

Jamaican driver's license and various personal items held as evidence.

Denying this motion, however, does not end this case.  A pro se petitioner

in Mr. Pinque's situation must be allowed the opportunity to state a cognizable

cause of action, if one applies.

> Other statutes authorize money damages against the United States,
> such as the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C.

§ 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81. A cause of action may accrue under one or more of those statutes when the government discloses that it has lost, destroyed, or transferred property that would otherwise be subject to a Rule 41[g] order to return. If such a cause of action has accrued, the government's sovereign immunity from an award of money damages may well be waived. Therefore, when a district court conducting a Rule 41[g] proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding pro se . . . )an opportunity to assert an alternative claim for money damages. The court also retains equitable jurisdiction under Rule 41[g] to resolve issues of fact that may help to determine whether such an alternative claim is cognizable.

(Id.) (internal citations omitted).

Therefore, Mr. Pinque has until July 3, 2006 to file a new motion to assert any alternative claims he may have.  If no motion is filed, the case will be dismissed.

Accordingly, based on all the files, records and proceedings herein, it is

**HEREBY ORDERED**:

1.  Defendant's Motion Pursuant to Rule 41(e) Federal Rules of Criminal Procedure for Return of Property [Doc. No. 104] is **DENIED**;

2.  Defendant has until July 3, 2006 to file a new motion asserting any alternative claims he may have regarding his Jamaican passport, Jamaican drivers license, and various other personal items held as evidence;

3. In addition to meeting the requirements enumerated in any statutes or rules under which Defendant may file, any motion must also specify the "various items" that are the subject of the motion;

4. The Government shall have until August 3, 2006 to respond to Defendant's motion; and

5.  Failure to file a motion by July 3, 2006 will result in dismissal of this case.


DATED: May 3, 2006                                s / Michael J. Davis
                                                  Michael J. Davis
                                                  UNITED STATES DISTRICT COURT