UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA**,

    **Plaintiff,**

v.              **MEMORANDUM OF LAW
                 AND ORDER
               Criminal File No. 99-0033 (MJD)**

**SYLVAN ANTHONY PINQUE,**

    **Defendant.**

---

David P. Steinkamp, Assistant United States Attorney, Counsel for Plaintiff.

Sylvan Anthony Pinque, pro se.

---

**I. BACKGROUND**

The above-entitled matter originally came before the Court on Mr. Pinque's Motion Pursuant to Rule 41 of the Federal Rules of Criminal Procedure for Return of Property. [Doc. No. 104.] On May 3, 2006, the Court issued an order (1) denying Mr. Pinque's claim for the return of previously forfeited property; (2) holding that the Court could not grant Mr. Pinque the relief he sought under Rule 41(g) because all remaining property had either been destroyed or was no longer in the Government's control; and (3) ordering Mr. Pinque to file a new motion to assert any alternative claims he might have.

1

On July 5, 2006, Mr. Pinque filed a Motion for Monetary Replacement Damages for Lost, Destroyed and Administratively Forfeited Personal Property. [Doc. No. 109.]  The Government has responded to the motion.

## II.     DISCUSSION

Mr. Pinque's motion is filed under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) which grants the United States District Court concurrent jurisdiction with the United States Court of Federal Claims to decide a claim for damages of less than $10,000.  The Government concedes that this is proper.

Mr. Pinque seeks compensation for twelve individual items and $352.74 in cash that were seized by law enforcement in conjunction with his criminal prosecution.  (Doc. No. 109 at 2.)  The Court has already decided that Mr. Pinque forfeited his right to state a claim to ten of the items and the cash because he had notice of those impending forfeitures and failed to contest them.  (Doc. No. 108 at 6.)  Mr. Pinque argues that he had ordered his attorney to contest the forfeitures, and did not know until recently that the attorney failed to do so.  To the extent Mr. Pinque seeks relief based on this situation, Mr. Pinque must take this up with his attorney.  The Court is unable to grant Mr. Pinque any relief on this basis.

Thus, the only items for which Mr. Pinque legitimately seeks reimbursement are (1) his Jamaican passport, valued at $60;  and (2) his drivers license, valued at $40.00.  (Doc. No. 109 at 2.)

The Court has jurisdiction to decide this case under 28 U.S.C. § 1346(a)(2). However, the Government asks the Court to dismiss this case and to instruct Mr. Pinque to file a new cause of action pursuant to the Federal Rules of Civil Procedure, giving the potentially responsible parties notice and the opportunity to file answers, conduct discovery, and hopefully reach a resolution with Mr. Pinque.

The Government's suggestion is reasonable. Mr. Pinque's passport and drivers license were inadvertently destroyed by the Gang Strike Task Force. Thus, the Task Force must be given the opportunity to be heard in this matter. Therefore, the Court will close this criminal proceeding and instruct Mr. Pinque to file a proper civil action under 28 U.S.C. § 1346(a)(2) seeking compensation for his destroyed passport and drivers license, should he choose to pursue this matter. Mr. Pinque may not seek damages for any other items or for any amount greater than the $100 value he assigned to his passport and drivers license.

Accordingly, based on all the files, records and proceedings herein, it is **HEREBY ORDERED**:

1. Defendant's Motion for Monetary Replacement Damages for Lost, Destroyed and Administratively Forfeited Personal Property [Doc. No. 109] is **DENIED**;

  2.  Defendant may file a civil action against all parties potentially responsible for the destruction of his Jamaican passport and drivers license;

  3. The total amount that Defendant may seek in damages in that civil action is $100.00; and

  4. This case is hereby closed.


DATED: August 24, 2006

              s / Michael J. Davis
              Michael J. Davis
              UNITED STATES DISTRICT COURT